**STATE of Minnesota, Respondent,**

v.

**Terry Allen BROWN, Appellant.**

**No. CX-85-266.**

Court of Appeals of Minnesota.

Aug. 6, 1985.

. Hubert H. Humphrey, III, Minn. Atty. Gen., St. Paul, William G. Clelland, Carson & Clelland, Minneapolis, for respondent.

Stephen R. Nicol, Barna, Guzy, Merrill, Hynes & Giancola, Ltd., Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

### SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

Robert Johnson testified that while he was at the Gauvitte Park in Columbia Heights he saw Terry Brown walk toward Johnson's car in the parking lot. Johnson saw Brown lean in near the passenger side of his car. Brown crouched slightly and paused near the front tire on the passenger side and then near the rear tire. After Brown left, Johnson examined his car and found the knobs from the radio were torn off and the tires on the passenger side slashed. Johnson left to find replacement tires. When he returned, both tires on the driver's side were also slashed. Johnson believed Brown had ill feelings against him because Johnson asked Brown's sister to return a coat in her possession to a mutual friend who was the rightful owner. John-

son testified his mother is the title owner of his car but that he maintains exclusive possession and use of the vehicle.

## DECISION

Brown was convicted of misdemeanor criminal damage to property under Minn. Stat. § 609.595, subd. 2 (1984). This statute prohibits one from intentionally causing "damage to physical property of another without the latter's consent." *See id.* subd. 1. Brown contends the State failed to prove the offense was committed against the property of another without the latter's consent because the title owner, Johnson's mother, did not testify.

The offense makes it a crime to damage the property of another. Title is but one indication of ownership. For the purpose of establishing a violation of Minn. Stat. § 609.595, subd. 2, we hold Johnson's testimony that he had exclusive use and possession of the car registered in his mother's name was sufficient ownership to establish lack of consent to appellant's slashing of the car's tires. Since Brown damaged the property of another, he was properly convicted. There is no merit to his contention that the evidence was insufficient to sustain his conviction.

Affirmed.